








```
SUI  2/12/02 13:51
3:02-CR-00333   USA V. ESQUINO
*1*
*CRINDI.*
```

FILED
02 FEB -8 PM 4:25
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY



~~SECRET~~
Unsealed
2/28/02

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

August 2001 Grand Jury    02-CR 0333 W

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No. _____ |
| Plaintiff, | I N D I C T M E N T |
| v. | Title 18, U.S.C., Secs. 38(a)(3) and 38(a)(1)(C) - Conspiracy to Commit Fraud Involving an Aircraft; Title 18, U.S.C., Sec. 1001(a)(3) - False Statements or Writing; Title 18, U.S.C., Secs. 38(a)(1)(C) - Fraud Involving an Aircraft; Title 18, U.S.C., Sec. 32(a)(6) - Fraudulent Communications Involving an Aircraft; Title 18, U.S.C., Sec. 2 - Aiding and Abetting |
| CHRISTIAN E. ESQUINO (1), LANCE Z. RICOTTA (2), | |
| Defendants. | |

The grand jury charges:

INTRODUCTORY ALLEGATIONS

1.  At various times material to this Indictment, the Federal Aviation Administration (FAA), was an agency of the United States, and did have jurisdiction to ensure the safety and airworthiness of domestic aircraft and those who flew on them, the FAA met this responsibility in part through the issuance of regulations regarding all aircraft within the United States.

//

TDC:nlv:San Diego
2/8/02

2. At various times material to this Indictment, Federal Aviation Regulations require aircraft owners and operators to keep records of maintenance, preventive maintenance, alterations and inspections performed on each of their aircraft, total time in service of aircraft engines, propellers and appliances related to the aircraft.

3. At various times material to this Indictment, Federal Aviation Regulations require aircraft owners and pilots operating an aircraft to have an appropriate and current airworthiness certificate, which may only be obtained by application to a Federal Aviation Administration Flight Standards District Office.

4. At various times material to this Indictment, Federal Aviation Regulations require aircraft owners and operators to track and record the total time in service of each airframe, engine, propeller and rotor.

5. At various times material to this Indictment, total time in service by an aircraft is used to schedule required maintenance, determine inspection status of those items required to be inspected at specific intervals, determine retirement date/time of life limited parts, if installed, and gauge the resale value of an aircraft, engines and appliances related to the aircraft.

6. At various times material to this Indictment, an aircraft's logbook provides a history of an aircraft including its major repairs and maintenance, disclose any major problems, such as, airframe damage from accident, engine failure, engine overhauls and modifications. The logbooks also track total time, which is the run time/flight time on the engine(s) and airframe from the date of manufacture and time since a major overhaul.

7. At various times material to this Indictment, defendant CHRISTIAN E. ESQUINO was the vice president and part owner of Argentum Air Corporation, which was incorporated in the State of California on March 17, 1994.

8. At various times material to this Indictment, defendant CHRISTIAN E. ESQUINO made the business and financial decisions for Argentum Air Corporation's purchase of various aircraft from the Mexican Government.

9. At various times material to this Indictment, defendant LANCE Z. RICOTTA, was doing business as, LANCE Z. RICOTTA Aircraft Sales and Wright Brothers Aviation.

10. At various times material to this Indictment, defendant CHRISTIAN E. ESQUINO conducted business including the purchase and sale of aircraft through the Aircraft R US Corporation, a Delaware Corporation, incorporated on August 9, 1999, and in which CHRISTIAN E. ESQUINO is the sole proprietor.

11. At various times material to this Indictment, defendant CHRISTIAN E. ESQUINO was an owner and stockholder in Executive Aviation Logistics (EAL), a fixed base operation, located at the Chino Airport, in Chino California.

12. At various times material to this Indictment, defendant CHRISTIAN E. ESQUINO employed defendant LANCE Z. RICOTTA as a pilot, as well as conducting business with defendant LANCE Z. RICOTTA as an associate.

//
//
//
//

Count 1

Beginning at a date unknown to the grand jury and continuing up to and including July 20, 2001, within the Southern District of California, and elsewhere, in a matter within the jurisdiction of the Federal Aviation Administration, an agency of the United States, defendants CHRISTIAN E. ESQUINO and LANCE Z. RICOTTA, in or affecting interstate or foreign commerce, did knowingly and intentionally conspire together and with each other and with other persons known and unknown to the grand jury to commit offenses against the United States, that is, knowingly and with intent to defraud make or uses any materially false writings, false entries, false certifications, and false records concerning aircraft.

MANNER AND MEANS OF THE CONSPIRACY

1. It was part of the conspiracy that defendants CHRISTIAN E. ESQUINO and LANCE Z. RICOTTA provided an unidentified individual with blank logbooks for the purpose of creating false and fictitious logbooks for aircraft purchased from the Mexican government by Argentum Air Corporation.

2. It was further part of the conspiracy that defendants CHRISTIAN E. ESQUINO and LANCE Z. RICOTTA provided an unidentified individual with Mexican aircraft tail numbers, Mexican airport codes, fuel range for particular aircraft and the correct number of letters and numbers contained in a standard Mexican pilot license, all for the purpose of creating false and fictitious logbooks for aircraft purchased from the Mexican government by Argentum Air Corporation.

3. It was further part of the conspiracy that defendant LANCE Z. RICOTTA obtained a counterfeit Mexican inspection stamp, which was used to make entries in the fraudulently created logbooks, concerning

the airworthiness for aircraft engines, propellers and airframes, as well as, certify completed 25, 50 and 100 hour aircraft inspections.

4. It was further part of the conspiracy that defendant CHRISTIAN E. ESQUINO provided an unidentified individual with payment for creating false and fictitious logbooks for aircraft purchased from the Mexican government by Argentum Air Corporation.

5. It was further part of the conspiracy that defendants CHRISTIAN E. ESQUINO and LANCE Z. RICOTTA sold aircraft purchased from the Mexican government by Argentum Air Corporation using the fraudulently created logbooks as an accurate record of an aircraft's total operating hours, of flights between Mexican airports by particular pilots, as well as, a history of maintenance and inspection records.

6. It was further part of the conspiracy that the new owners of aircraft previously purchased from the Mexican government made application to the Federal Aviation Administration for airworthiness certificates relying on information taken from logbooks fraudulently created by defendants CHRISTIAN E. ESQUINO and LANCE Z. RICOTTA.

7. It was further part of the conspiracy that defendants CHRISTIAN E. ESQUINO and LANCE Z. RICOTTA changed and forged or caused others to change and forge aircraft logbook entries, concerning an aircraft's engine overhaul and inspection records, for aircraft purchased by the defendants.

8. It was further part of the conspiracy that defendants CHRISTIAN E. ESQUINO and LANCE Z. RICOTTA sold aircraft containing changed and forged engine overhaul and inspection records in an aircraft's logbook.

//

OVERT ACTS

In furtherance of said conspiracy and to effect the objects thereof, the following Overt Acts, among others were committed within the Southern District of California and elsewhere:

1. Between mid-February 1997 and up to and including March 11, 1997, in San Diego, California, defendants CHRISTIAN E. ESQUINO and LANCE Z. RICOTTA caused false and fraudulent logbooks to be created with false entries for a Cessna 310 aircraft, Serial Number 2138, Mexican Tail Number XC-GAV and United States Tail Number N310CL.

2. Between mid-February 1997 and up to and including March 11, 1997, in San Diego, California, defendants CHRISTIAN E. ESQUINO and LANCE Z. RICOTTA caused false and fraudulent logbooks to be created with false entries for a Cessna P210 aircraft, Serial Number 665, Mexican Tail Number XC-FUU and US Tail Number N567D.

3. Between mid-February 1997 and up to and including March 11, 1997, in San Diego, California, defendants CHRISTIAN E. ESQUINO and LANCE Z. RICOTTA caused false and fraudulent logbooks to be created with false entries for a Cessna 310 aircraft, Serial Number 1680, Mexican Tail Number XC-DAW and US Tail Number N310LH.

4. Between mid-February 1997 and up to and including March 11, 1997, in San Diego, California, defendants CHRISTIAN E. ESQUINO and LANCE Z. RICOTTA caused false and fraudulent logbooks to be created with false entries for a Cessna 310 aircraft, Serial Number 1656, Mexican Tail Number XC-FAP and US Tail Number N310LP.

5. Between mid-February 1997 and up to and including March 11, 1997, in San Diego, California, defendants CHRISTIAN E. ESQUINO and LANCE Z. RICOTTA caused false and fraudulent logbooks to be created with false entries for a Cessna 310 aircraft, Serial Number 1886, Mexican Tail Number XC-FAR and US Tail Number N38LH.

6. Between mid-February 1997 and up to and including March 11, 1997, in San Diego, California, defendants CHRISTIAN E. ESQUINO and LANCE Z. RICOTTA caused false and fraudulent logbooks to be created with false entries for a Cessna 210 aircraft, Serial Number 64159, Mexican Tail Number XC-GEB and US Tail Number N210JM.

7. On or about February 24, 1997, defendants CHRISTIAN E. ESQUINO and LANCE Z. RICOTTA sold a Cessna 210 aircraft, Serial Number 64159, US Tail Number N210JM, as part of that sale, the defendants delivered the false and fraudulently created logbooks to the new owner of the Cessna 210 aircraft.

8. On or about November 20, 1998, the new owner for a Cessna 210 aircraft, Serial Number 64159, US Tail Number N210JM, using information contained in the phoney logbooks created by defendants CHRISTIAN E. ESQUINO and LANCE Z. RICOTTA, applied for an airworthiness certificate from the Federal Aviation Administration

9. On or about March 12, 1997, defendants CHRISTIAN E. ESQUINO and LANCE Z. RICOTTA sold a Cessna 310 aircraft, Serial Number 1886, and US Tail Number N38LH, as part of the sale, the defendants delivered the false and

fraudulently created logbooks to the new owner of the Cessna 310 aircraft.

10. On or about May 1, 1997, the new owner for a Cessna 210 aircraft, Serial Number 1886, and US Tail Number N38LH, using information contained in the phoney logbooks created by defendants CHRISTIAN E. ESQUINO and LANCE Z. RICOTTA applied for an airworthiness certificate from the Federal Aviation Administration.

11. On or about May 16, 1997, defendants CHRISTIAN E. ESQUINO and LANCE Z. RICOTTA sold a Cessna 310 aircraft, Serial Number 1680, and US Tail Number N310LH, as part of the sale, the defendants delivered the false and fraudulently created logbooks to the new owner of the Cessna 310 aircraft.

12. On or about August 7, 1997, the new owner for a Cessna 310 aircraft, Serial Number 1680, and US Tail Number N310LH, using information contained in the phoney logbooks created by defendants CHRISTIAN E. ESQUINO and LANCE Z. RICOTTA applied for an airworthiness certificate from the Federal Aviation Administration

13. On or about May 12, 1997, defendants CHRISTIAN E. ESQUINO and LANCE Z. RICOTTA sold a Cessna 310 aircraft, Serial Number 1656, and US Tail Number N310LP, as part of the sale, the defendants delivered the false and fraudulently created logbooks to the new owner of the Cessna 310 aircraft.

14. On or about November 3, 1997, the new owner for a Cessna 210 aircraft, Serial Number 1656, and US Tail Number

N310LP, using information contained in the phoney logbooks created by defendants CHRISTIAN E. ESQUINO and LANCE Z. RICOTTA applied for an airworthiness certificate from the Federal Aviation Administration

15. On or about March 31, 1997, defendants CHRISTIAN E. ESQUINO and LANCE Z. RICOTTA sold a Cessna P210 aircraft, Serial Number 665, and US Tail Number N567D, as part of the sale, the defendants delivered the false and fraudulently created logbooks to the new owner of the Cessna P210 aircraft.

16. On or about April 9, 1997, the new owner a Cessna 210 aircraft, Serial Number 665, and US Tail Number N567D, using information contained in the phoney logbooks created by defendants CHRISTIAN E. ESQUINO and LANCE Z. RICOTTA applied for an airworthiness certificate from the Federal Aviation Administration

17. On or about October 31, 1997, defendants CHRISTIAN E. ESQUINO and LANCE Z. RICOTTA sold a Cessna 310 aircraft, Serial Number 2138, and United States Tail Number N310CL, as part of the sale, the defendants delivered the false and fraudulently created logbooks to the new owner of the Cessna 310 aircraft.

18. On or about April 9, 1997, the new owner of a Cessna 310 aircraft, Serial Number 2138, and United States Tail Number N310CL, using information contained in the phoney logbooks created by defendants CHRISTIAN E. ESQUINO and LANCE Z. RICOTTA applied for an airworthiness certificate from the Federal Aviation Administration

19. On or about March 16, 1998, in San Diego California, defendant CHRISTIAN E. ESQUINO caused a check in the amount of $19,000, to be delivered to defendant LANCE Z. RICOTTA, for the purchase of an aircraft.

20. On or about March 16, 1998, in San Diego County, defendants LANCE Z. RICOTTA and CHRISTIAN E. ESQUINO purchased a 1969 Piper Cherokee aircraft, US Tail Number N7933N, for $16,500. 21. Sometime after March 16, 1998, but before August 12, 1999, defendants CHRISTIAN E. ESQUINO and LANCE Z. RICOTTA entered, or caused others to enter false and fraudulent information into the Piper Cherokee's logbook, that is, that an engine overhaul had been completed on September 9, 1982, and that an airworthiness inspection had been completed on August 5, 1998, for the aircraft.

21. On or about August 12, 1999, in San Diego County, defendants CHRISTIAN E. ESQUINO and LANCE Z. RICOTTA sold the Piper Cherokee aircraft for $39,000, knowing that at least two of the aircraft's logbook entries were false.

22. On or about May 6, 2000, in San Diego, California, defendant CHRISTIAN E. ESQUINO delivered or had others deliver a check, in the amount of $150,000 to defendant LANCE Z. RICOTTA, for the purchase of an aircraft.

23. On or about May 23, 2000, defendant LANCE Z. RICOTTA wire transferred $150,000 to an escrow company for the purchase of a 1966 Jet Commander aircraft, US Tail Number N382AA.

24. Sometime after May 23, 2000, but before August 20, 2001, defendants CHRISTIAN E. ESQUINO and LANCE Z. RICOTTA entered, or caused others to enter false and fraudulent

information into the Jet Commander's logbook, that is, that an engine overhaul was completed on both engines of the aircraft in May 1978.

25. On or about July 21, 2001, in San Diego County, defendants CHRISTIAN E. ESQUINO and LANCE Z. RICOTTA sold the Jet Commander aircraft for $250,000, knowing that false and fraudulent entries were made into the aircraft's logbook concerning its engines.

All in violation of Title 18, United States Code, Sections 38(a)(3) and 38(a)(1)(C).

## Counts 2 - 32

### FALSE STATEMENT OR WRITING AND AIDING AND ABETTING

1. Paragraphs 1 through 8 of the introductory allegations and paragraphs 1 and 8 of the Manner and Means in Count 1 of this Indictment are realleged and hereby incorporated by reference in Counts 2-32 as though fully set forth herein.

2. Between mid-February 1997 and March 11, 1997, within the Southern District of California and elsewhere, in a matter within the jurisdiction of the Federal Aviation Administration, an agency of the United States, defendants CHRISTIAN E. ESQUINO and LANCE Z. RICOTTA did knowingly and willfully make or cause others to make false, fictitious and fraudulent statements and representations of material fact, that is, by creating false logbooks for aircraft purchased from the Mexican government, as set forth below, making false and fraudulent statements in the aircraft's logbook entries, including inserting false and fraudulent airworthiness stamps, for an aircraft's engine, propeller and airframe, inserting false and fraudulent inspection dates, inserting false flight log times and engine time for

the Mexican aircraft, as set forth below, knowing that such entries were false, fraudulent and fictitious statements.

| Count | Mexican Tail # | Date & Logbook Entry | False Statement |
|---|---|---|---|
| 2 | XC-GAV | 03/19/91-Inspection Stamp | Fraudulent Stamp |
| 3 | XC-GAV | 11/12/90-Inspection Stamp | Fraudulent Stamp |
| 4 | XC-GAV | 07/28/90-Inspection Stamp | Fraudulent Stamp |
| 5 | XC-GAV | 03/19/91-Inspection Stamp | Fraudulent Stamp |
| 6 | XC-GAV | 02/24/94-Inspection Stamp | Fraudulent Stamp |
| 7 | XC-FUU | 01/17/90-Flight Log and Engine Time | False Entry |
| 8 | XC-FUU | 02/06/91-Flight Log and Engine Time | False Entry |
| 9 | XC-FUU | 01/04/92-Flight Log and Engine Time | False Entry |
| 10 | XC-FUU | 04/03/94-Flight Log and Engine Time | False Entry |
| 11 | XC-DAW | 06/12/87-Inspection Stamp | Fraudulent Stamp |
| 12 | XC-DAW | 01/03/88-Inspection Stamp | Fraudulent Stamp |
| 13 | XC-DAW | 05/19/84-Inspection Stamp | Fraudulent Stamp |
| 14 | XC-DAW | 03/03/83-Inspection Stamp | Fraudulent Stamp |
| 15 | XC-DAW | 12/27/80-Flight Log and Engine Time | False Entry |
| 16 | XC-DAW | 09/25/81-Flight Log and Engine Time | False Entry |
| 17 | XC-DAW | 05/22/82-Flight Log and Engine Time | False Entry |
| 18 | XC-DAW | 05/06/92-Flight Log and Engine Time | False Entry |
| 19 | XC-FAP | 01/07/93-Inspection Stamp | Fraudulent Stamp |
| 20 | XC-FAP | 06/04/93-Inspection Stamp | Fraudulent Stamp |
| 21 | XC-FAP | 03/02/93-Inspection Stamp | Fraudulent Stamp |
| 22 | XC-FAP | 10/10/93-Inspection Stamp | Fraudulent Stamp |
| 23 | XC-FAR | 10/10/95-Inspection Stamp | Fraudulent Stamp |
| 24 | XC-FAR | 04/03/95-Inspection Stamp | Fraudulent Stamp |
| 25 | XC-GEB | 05/22/95-Inspection Stamp | Fraudulent Stamp |
| 26 | XC-GEB | 12/20/81-Inspection Stamp | Fraudulent Stamp |

| | | | | |
|---|---|---|---|---|
| 27 | XC-GEB | 05/25/82-Inspection Stamp | Fraudulent Stamp |
| 28 | XC-GEB | 11/10/82-Inspection Stamp | Fraudulent Stamp |
| 29 | XC-GEB | 12/20/81-Flight Log and Engine Time | False Entry |
| 30 | XC-GEB | 05/25/82-Flight Log and Engine Time | False Entry |
| 31 | XC-GEB | 01/19/83-Flight Log and Engine Time | False Entry |
| 32 | XC-GEB | 08/28/83-Flight Log and Engine Time | False Entry |

All in violation of Title 18, United States Code, Sections 1001(a)(3) and 2.

## Counts 33 - 35

### FALSE STATEMENT OR WRITING AND AIDING AND ABETTING

1. Paragraphs 1 through 5 and 8 through 11 of the introductory allegations and paragraphs 7 and 8 of the Manner and Means in Count 1 of this Indictment are realleged and hereby incorporated by reference in Counts 33 through 35, as though fully set forth herein.

2. Between March 16, 1998 and August 12, 1999, in Counts 33 and 34, within the Southern District of California and elsewhere, in a matter within the jurisdiction of the Federal Aviation Administration, an agency of the United States, defendants CHRISTIAN E. ESQUINO and LANCE Z. RICOTTA did knowingly and willfully make or cause others to make false, fictitious and fraudulent statements and representations of material fact, that is, by making fraudulent and false entries in the logbook of 1969 Piper Cherokee, United States Serial Number N7933N, as set forth below, knowing that such entries were false, fraudulent and fictitious statements.

//
//
//
//

13

| Count | US Tail # | Date & Logbook Entry | False Statement |
|---|---|---|---|
| 33 | N7933N | 9/9/82-Engine overhaul | False Entry |
| 34 | N7933N | 8/5/98-Airworthiness Inspection | False Entry |
| 35 | N7933N | 8/8/98-Re-certification of Transponder | False Entry |

All in violation of Title 18, United States Code, Sections 1001(a)(3) and 2.

### Counts 36-37

FRAUD INVOLVING AIRCRAFT AND AIDING AND ABETTING

1. Paragraphs 1 through 5 and 8 through 11 of the introductory allegations and paragraphs 7 and 8 of the Manner and Means in Count 1 of this Indictment are realleged and hereby incorporated by reference in Counts 36 and 37 as though fully set forth herein.

2. Between March 16, 1998 and July 20, 2001, within the Southern District of California and elsewhere, in a matter within the jurisdiction of the Federal Aviation Administration, an agency of the United States, defendants CHRISTIAN E. ESQUINO and LANCE Z. RICOTTA, in or affecting interstate or foreign commerce, did knowingly and with intent to defraud make or use a materially false writing, entry or certification concerning a 1966 Jet Commander aircraft, United States Tail Number N382AA, as set forth below.

| Count | US Tail # | Date & Logbook Entry | False Statement |
|---|---|---|---|
| 36 | N382AA | 5/16/78-Left Engine Overhaul | False Entry |
| 37 | N382AA | 5/18/78- Right Engine Overhaul | False Entry |

All in violation of Title 18, United States Code, Sections 38(a)(1)(C) and 2.

//
//

14

## Count 38

### FRAUDULENT COMMUNICATIONS INVOLVING AIRCRAFT AND AIDING AND ABETTING

1. Paragraphs 1 through 5 and 8 through 12 of the introductory allegations and paragraphs 7 and 8 of the Manner and Means in Count 1 of this Indictment are realleged and hereby incorporated by reference in Count 38 as though fully set forth herein.

2. Between March 16, 1998 and August 12, 1999, within the Southern District of California and elsewhere, in a matter within the jurisdiction of the Federal Aviation Administration, an agency of the United States, defendants CHRISTIAN E. ESQUINO and LANCE Z. RICOTTA did knowingly and willfully communicate information regarding a 1969 Piper Cherokee PA-28 aircraft, US Tail Number N7933N, that is, as set forth in the logbook of the Piper Cherokee, that on September 9, 1982, a complete overhaul of the aircraft's engine had been completed and that on August 5, 1998, an airworthiness inspection was completed on the aircraft, knowing the information to be false and under circumstances in which such information may reasonably be believed, thereby endangering the safety of the Piper Cherokee aircraft in flight; in violation of Title 18, United States Code, Sections 32(a)(6) and 2.

DATED: February 8, 2002.

A TRUE BILL:

*/s/ James R. Rhetta*
Foreperson

PATRICK K. O'TOOLE
United States Attorney

By: */s/ Timothy D. Coughlin*
TIMOTHY D. COUGHLIN
Assistant U.S. Attorney

15