USDC SCAN INDEX SHEET

KAJ 7/20/06 14:27

3:02-CR-00333 USA V. ESQUINO

*142*

*CRREQ.*

IN THE UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF CALIFORNIA

(SAN DIEGO DIVISION)

FILED
JUL 13 2006
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

UNITED STATES OF AMERICA,
RESPONDENT,

-VS-

CHRISTIAN E. ESQUINO,
DEFENDANT.

CASE NO:02-CR-0333-W

**THE DEFENDANT'S**

**MEMORANDUM OF LAW WITH ADDITIONAL FACTS AND AUTHORITY IN SUPPORT OF HIS REQUEST TO AMEND HIS PENDING § 2255**

**COMES NOW,** Christian E. Esquino, The Defendant/Petitioner in PRO SE, and hereby respectfully submits his Memorandum Of Law with additional facts and authority in support of his request to amend/supplement his pending Section 2255 Motion. The Defendant makes his instant request pursuant to the Federal Rules Of Civil Procedure, Rule 15(a)(c). In support of The Defendant's present request, he states the following:

RECEIVED IN DOCKETING
JUL 20 2006

142 vg

GROUND ONE

The Defense Counsel in the case at bar, was Constitutionally ineffective where he failed to object to the fatally defective indictment. The Indictment failed, totally, to allege a federal offense in Count One of the indictment that encomapsses the beginning date of the offense of conviction, Count One.

Based upon the Government's allegations, as set out in the "OVERT ACTS", in support of the conspiracy charged in Count One, it assumed that the conspiracy charged in Count One began in mid-February 1997. (See Overt Acts Of Count One, Page 6, Attached As Exhibit One).

In mid-February 1997, the date of commission of the alleged conspiracy in Count One, there was no such statutory charge under Title 18 U.S.C. §§ 38(a)(3) and/or 38(a)(1)(C). As such, counsel was, in fact, Constitutionally ineffective where he ill-advised The Defendant to plead guilty to Count One conspiracy as charged in the indictment where it failed to invoke subject-matter jurisdiction upon the District Court pursuant to Title 18 U.S.C. §§ 38 (a)(3) and 38(a)(1)(C).

To the contrary, the statutory charge on Count One of the indictment serves to effectively, divest, the District of subject-matter jurisdiction to either try, convict or to sentence The Defendant under Title 18 U.S.C. §§ 38(a)(3) and/or 38(a)(1)(C), and therefore, the indictment should be dismissed, "With Prejudice".

"Habeas corpus has long been available to attack convictions and sentences entered by a court without jurisdiction". Keel v. United States, 585 F.2d 110 at 114 (5th Cir. 1978)(en banc). See

also, United States v. Ruelas, 106 F.3d 1416 at 1418-19 (9th Cir. 1997). It is clear that the District Court is without jurisdiction to accept a guilty plea to a non-offense.

The violation of The Defendant's right to be free of prosecution for a non-offense, would bar his conviction, even, if, factual guilt was established on overwhelming evidence. The Defendant's instant claim can be effectively resolved via the Court's examination of the face of the indictment without requiring any further proceedings.

Failure of the District Court to grant The Defendant's motion will result in a complete and a fundamental miscarriage of justice.

## GROUND TWO

The indictment failed to place the conspiracy within an operative time-frame. Count One of the indictment charged, in part, that: "Beginning at a date unknown to the grand jury and continuing up to and including July 20, 2001...."

The indictment is open-ended, in that, it failed to allege a beginning date of the conspiracy on Count One, as such, it also fails to inform The Defendant of the charge that he must defend against.

The indictment is fatally defective because it merely alleged an unknown start date for the term of the conspiracy, and therefore, it prevents The Defendant from pleading double jeopardy in future prosecutions. Counsel was certainly, Constitutionally ineffective where he failed to raise or challenge, pre-trial, during or after trial, the open-ended conspiracy charge. Counsel had possession of the record and he was aware of the vague and the fatal defect in the indictment with regards to the start date of the conspiracy, which resulted in the indictment's failure to allege an offense on Count One.

An indictment is sufficient if it alleges, (1) a conspiracy to commit a crime; (2) the time during when the conspiracy was operative, and (3) the statute allegedly violated. See United States v. Shabani, 993 F.2d 1419 at 1420 (9th Cir. 1993).

The manner in which the indictment was drafted in Count One; hampered The Defendant's ability to prepare a defense. Had The Defendant known that the indictment failed to state a federal offense

on Count One, he would have never pleaded guilty, but instead, he would have insisted that his counsel take corrective measures to determine whether a true federal charge could be made against The Defendant in the case at bar.

In the case at bar, the District Court never made any specific findings or any findings beyond a reasonable doubt that the conspiracy extended into the effective date of, Title 18 U.S.C. § 38(a)(3) or § 38(a)(1)(C), as required by controlling caselaw. See United States v. Torres, 901 F.2d 205 at 224-226 (2nd Cir. 1990).

As stated by the Ninth Circuit Court Of Appeals in, United States v. Cecil, 608 F.2d 1294 (9th Cir. 1979); "More importantly, the indictment fails to place the conspiracies within any time frame. The language "beginning on or before July, 1975, and continuing thereafter until on or after October, 1975," is opened-ended in both directions." Id., at 1297.

It is clear that, the manner in which the indictment is drafted, it fails the Appellate Court's instructions in, United States v. Shabani, where the Court held that to be sufficient, the indictment must allege; the time during when the conspiracy was operative. Id., at 1420. Counsl's failure to raise the instant issues constitutes ineffective assistance of counsel.

The Sixth Amendment to the United States Constitution guaranteed that The Defendant is entitled to assistance of counsel in the presentation of his defense. Also, the Supreme Court stated: "The right to counsel is a fundamental right of criminal defendants; it

assures the fairness and thus the legitimacy of our adversary process." Kimmelman v. Morrison, 477 U.S. 365 at 374 (1986).

Furthermore, the High Court has recognized that: "the right to counsel is the right to Effective assistance of counsel." See McMann v. Richerson, 397 U.S. 759 at 771 (1970).

In the case at bar, Counsel's conduct so undermined the proper function of the adversarial process that the trial cannot be relied upon as having produced a just result. See Strickland V. Washington, 466 U.S. 668 at 686 (1984).

The representation that The Defendant received from his counsel, fell well below an objective standard of reasonableness and there is a reasonable probability that, but for Counsel's unprofessional errors, and his otherwise, deficient performance, the results of the proceedings would have been different. Strickland at 694, supra.

Based upon Counsel's inadequate representation, including his failure to object to the Court's adjudication of the claims in this case, resulted in a conviction/sentence that is in violations of the laws of the United States and the U.S. Constitution, which constitutes a fundamental and a complete miscarriage of justice.

Had The Defendant been aware of the fatally defective indictment in the case at bar, he would not have pleaded guilty, but instead, he would have insisted upon going to trial.

The Defendant's waiver of his right to appeal did not include claims of ineffective assistance of counsel brought under motion to vacate pursuant to Title 28 U.S. § 2255, where The Defendant has established ineffective assistance of Counsel, and, where, in

absence of Counsel's erroneous advice, The Defendant would have insisted on going to trial. See United States v. Baramdyka, 95 F.3d 840 at 844 (9th Cir. 1996).

**WHEREFORE,** in the interest of justice and due process of law, The Defendant prays that this Honorable Court give liberal and generous constructions to his pleadings and grant his motion in full, or in the alternative, grant whatever other relief that the Court deems proper and just.

**DATED: MAY 31 2006:**

Respectfully submitted,

Christian E. Esquino, #28170-198
F.C.I. Lompoc Low
3600 Guard Road
Lompoc, California-93436